IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-01353-PAB-SKC

NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY,

    Plaintiff/Counterclaim Defendant,

v.

RICK DOBBS, and
KITTY DOBBS,

    Defendants/Counterclaim Plaintiffs.

---

**ORDER**

---

    The Court takes up this matter *sua sponte* on the Notice of Removal [Docket No. 1] filed by plaintiff and counterclaim defendant Nationwide Property and Casualty Insurance Company ("Nationwide").  Because removal was improper, the case is remanded to the state court for further proceedings.

**I. BACKGROUND**

    Nationwide initiated this action on March 21, 2023 in the District Court for the County of Arapahoe, Colorado against Kitty Dobbs and Rick Dobbs.  Docket No. 1-3.  On May 3, 2023, defendants filed a response and brought counterclaims against Nationwide.  Docket No. 1 at 2; Docket No. 1-18.  On May 26, 2023, Nationwide removed the case to federal court.  Docket No. 1.  Nationwide asserts that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  *Id.* at 1.

## II.  ANALYSIS

Generally, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  There are two basic statutory grounds for original jurisdiction in federal district courts: federal-question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332.  *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003).  As noted above, Nationwide alleges that the Court has diversity jurisdiction over this case.  Where a case has been removed from state court and a court determines any time prior to final judgment that jurisdiction is lacking, 28 U.S.C. § 1447(c) mandates that the case be remanded to state court.  *See McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008).

Section 1441(a) of Title 28 states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant or the defendants."  28 U.S.C. § 1441(a).  Nationwide is not a defendant in the state court case.  Docket No. 1 at 1-2, ¶ 1.  Rather, it is the plaintiff and counterclaim defendant.  *Id.* at 2, ¶ 2.  The Supreme Court has held that, "because the 'civil action of which the district court' must have 'original jurisdiction' is the action as defined by the plaintiff's complaint, 'the defendant' to that action is the defendant to that complaint."  *Home Depot U.S.A., Inc. v. Jackson,* 139 S. Ct. 1743, 1748-49 (2019) (quoting 28 U.S.C. § 1441(a)) (alterations omitted).  Accordingly, Nationwide is not a defendant under the meaning of § 1441 and may not remove the case to federal court.  *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 106-09 (1941) (holding that a counterclaim defendant who was the plaintiff in the state court case could not remove

the case to federal court under § 1441(a)'s predecessor statute, which limited removal to defendants in the state court case); *see also Home Depot*, 139 S. Ct. at 1748 ("§ 1441(a) does not permit removal by any counterclaim defendant"). Therefore, the Court concludes that it does not have subject matter jurisdiction over this case and will remand it to state court.

## III. CONCLUSION

It is

**ORDERED** that this case is remanded to the District Court for Arapahoe County, Colorado, where it was filed as Case No. 2023CV30550. It is further

**ORDERED** that this case is closed.

DATED June 7, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge